### R. W. Ropiequet and R. W. Ropiequet, Trustee, Appellants, v. Christ. Knebelkamp, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed July 21, 1915.

### Statement of the Case.

Bill of review by R. W. Ropiequet and R. W. Ropiequet, trustee, against Christ. Knebelkamp. From a judgment for defendant dismissing the bill of review after demurrer thereto, plaintiff appeals.

The bill set out a petition by Christ. Knebelkamp under the name of Christ. Knebelkamp & Company and against Schwam Aluminum Company and National Metal Company for a mechanic's lien on certain premises, and alleged that the petitioner therein erected certain buildings upon said premises and furnished material therefor for a stipulated price, and for extra materials, as shown in said petition. To this petition a demurrer was filed. The petitioner filed an amended bill, which was substantially the same as the former bill, and to this a demurrer was also filed. The demurrer contained a clause stating that R. W. Ropiequet, trustee, had an incumbrance, as appeared of record, upon the said lot. To this petition a demurrer was also filed, and on the 16th of March, 1908, the petitioner filed a second amended petition, substantially as the first, except that it made R. W. Ropiequet a party defendant and asked for a process against him. To this petition a demurrer was filed. While said case was pending, before the last demurrer had been disposed of, the case was by agreement between Christ. Knebelkamp of one part and the National Metal Company and Schwam Aluminum Company of the other part

removed from the docket under an agreement upon the part of the National Metal Company and Schwam Aluminum Company to pay said Knebelkamp $1,646.25 within one year, and that the afore-mentioned suit was to be removed from the docket, and if the said parties failed to pay the amount stipulated within the year then the cause was to be redocketed and the said parties to the agreement were to confess a decree for a lien in said suit. The said parties having failed to make payment as provided by said agreement, the petitioner gave notice for a reinstatement of said cause and an agreement was had to reinstate the same upon the docket.

Richard Ropiequet, trustee, entered his appearance in said cause in the words as follows: "And now comes Richard Ropiequet, trustee, one of the defendants in the above entitled cause, and waives service of process of summons and enters his appearance therein." A rule was entered upon the defendants to answer the amended bill, and on September 22, 1910, no answer having been filed, the amended bill was ordered taken as confessed and the cause referred to the master in chancery to take testimony and report proofs and findings of law, and after a recommendation for a decree the master made a report with his conclusions showing the amount of $1,713.57 due the petitioner and recommended a decree of foreclosure, and that defendants Schwam Aluminum Company and National Metal Company pay the said amount within thirty days. A decree was rendered in said cause finding that the defendants had been duly served with process, or entered their appearance at a former trial of this court, finding that the agreement aforesaid made between Christ. Knebelkamp and the National Metal Company and the Schwam Aluminum Company had been duly entered and that the undisposed of demurrer was waived and that the petitioner was entitled to a lien on said premises for said amount and

costs; that all defendants and all persons claiming through or under them since the commencement of this suit be forever barred and foreclosed from all equity of redemption and claim in and to said premises or any part thereof, if the same are not redeemed according to law by the defendants within twelve months next after such sale. A report of sale was made by the master showing the said premises to have been purchased by the said Christ. Knebelkamp for the amount of the debt and costs. Afterwards a motion was entered by R. W. Ropiequet to set aside the default and decree rendered in the above entitled cause because no process was ever issued or served upon him; that he as trustee held a mortgage upon said real estate to secure a note for $6,000; that he as trustee entered his appearance at the request of L. D. Turner, attorney for petitioner, in the second amended bill; that no notice was given to him of the entering of the rule to answer as required by Rule 5 of said court; that said decree was taken while the demurrer above set forth was undisposed of; that the master in chancery heard the testimony without serving notice upon him personally or as trustee; that no opportunity was ever given to file exceptions to the master's report; that the decree erroneously found said real estate was subject to a lien and erroneously found that it had jurisdiction of the parties; that the defendant in his own person and as trustee had a meritorious defense and that said motion was supported by affidavits and overruled by said court.

The bill for review then repeated substantially the same matters set forth in said motion, and averred that such errors and imperfections appeared in the body of said proceedings and decree as to cause the same to be set aside, etc.

R. W. ROPIEQUET and P. C. OTWELL, for appellants.

TURNER & HOLDER, for appellee.

Mr. Presiding Justice McBride delivered the opinion of the court.

### Abstract of the Decision.

1. Equity, § 557*—*when bill of review may be filed without leave.* A bill of review for errors apparent on the face of the record, and not setting up additional evidence, may be filed without leave of court.

2. Equity, § 577*—*when bill of review defective for want of parties.* A bill of review is fatally and substantially defective where all the parties to the original decree, and whose interests are affected by the original decree, are not parties to the bill.

3. Appeal and error, § 31*—*when Appellate Court has jurisdiction over a trustee.* The Appellate Court has jurisdiction of a trustee in a suit by bill of review where such trustee claimed an incumbrance on property involved in the original suit which was instituted for a mechanic's lien, and made his appearance in such action, and a decree was taken as confessed against him, after a rule to answer and failure to do so, even though he did not follow the proceedings any further.

4. Equity, § 555*—*when lack of personal service in original suit immaterial on bill of review.* It is immaterial for purposes of a bill of review that a person was not personally served in the original suit for a mechanic's lien where he had no personal interest in the controversy, but an interest simply as trustee.

5. Equity, § 156*—*when failure to answer not excused.* The failure of a trustee, who claims an incumbrance upon property involved in a suit to foreclose a mechanic's lien, to answer is not excusable because of the fact that an undisposed of demurrer was on file at the time a decree of confession was taken against him, where such demurrer had been interposed by other parties.

6. Mechanics' liens, § 181*—*when demurrer waived by agreement.* A demurrer to a bill in a suit to foreclose a mechanic's lien is waived by agreement where the case is removed from the docket under an agreement between the plaintiff and the owners, whereby the owners were to pay a certain sum within one year and the case was to be removed from the docket, but that if payment was not made within such time the case should be redocketed, and a decree for a lien confessed.

7. Mechanics' liens, § 173*—*when holder of incumbrance not a necessary party.* It is not error for the court in a suit to foreclose a mechanic's lien to proceed without making the holder of an incumbrance against the land a party, where the only time that the

court's attention was called to the fact that such holder was a proper party was when a demurrer was filed by the defendant owners setting up the fact that such holder had an incumbrance, and, such holder, upon entering his appearance in the action failed to claim the rights to a lien as referred to in the demurrer but suffered a judgment by default to go against him.

## Matilda M. Yackel et al., Appellees, v. Stanard-Tilton Milling Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. M. R. Sullivan, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed July 21, 1915.

### Statement of the Case.

Action by George Yackel, Helen Yackel, Elmer Yackel, Constance Yackel, Adolphus Yackel, Walter Yackel and Ralph Yackel, minors, by their next friend, Matilda M. Yackel, against the Stanard-Tilton Milling Company, to recover damages for injuries sustained by reason of defendant's building settling, tipping over and injuring plaintiff's building because of the negligent construction of an elevator. From a judgment for plaintiffs, defendant appeals.

It was held, in affirming the judgment, that the case was controlled by the decision in *Starr v. Stanard-Tilton Milling Co.*, 183 Ill. App. 454, which was a suit against the same defendant, involving substantially the same questions of law and fact.

Levi Davis, for appellant.

James A. Lynn and E. Breese Glass, for appellees.

Mr. Presiding Justice McBride delivered the opinion of the court.